IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNERGY TECH & DESIGN INC. d/b/a ROAD ARMOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JIM TERRY, SANDY TERRY, JIM MEEKINS, DIXIE MEEKINS, JD DISTRIBUTING, and ROAD ARMOR USA,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 06-02073 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 26, 2006 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** Plaintiff's motion for a preliminary injunction.

The parties shall have 15 minutes to address the following questions:

1. Who owns the disputed marks? Is there a sufficient record to establish ownership of the disputed marks warranting the granting of an extreme remedy which requires the moving party to establish a strong likelihood of success on the merits?

   a. When and under what circumstances did Defendant James D. Terry assign his rights to the ROAD ARMOR mark? Does Plaintiff contend that Terry, as President of Road Armor Corp., was authorized to assign the rights owned by the company? What marks were allegedly assigned? (The letter references Exhibit B designating the "Assigned Trademarks," but there is no attachment to the Medlock Declaration, Ex. A.)
   b. There are various alleged assignments amongst the parties. There are currently two with different dates from Jim Terry, as President of Road Armor and as an individual, to Jim Medlock. In addition, the later assignments reference different dates for previous assignments. Lastly, there is conflicting evidence regarding which parts of the alleged assignments were documented before the Patent and Trademark Office. How, on this record, can the Court determine the disputed ownership issues?
   c. What is the relationship of J3 LLC and Synergy Tech and what were the circumstances of the simultaneous assignment of rights? Why was Terry involved in the alleged assignments to J3 LLC and Plaintiff, as alleged in paragraph 13 of the Medlock Declaration? Does Terry contest the validity of his October 2005 assignment (Terry Decl., ¶ 5)?
   d. What is the status of the other disputed marks, SUMMIT ENTERPRISES and SUMMIT SUT? Where in the record is the ownership of these marks established? What evidence in the record, beside the reference in the Hanson Declaration at ¶ 5, demonstrates that these marks have acquired strength or recognition in the marketplace?

2. Are the alleged assignments invalid by virtue of the nominal consideration?

3. It appears that the parties agree that the Meekins Defendants are authorized to sell off their small remaining inventory of Plaintiff's products. In addition, it appears from the record that Plaintiff has given some authorization for the use of its copyrighted images to promote the Meekins' sale of this inventory. On what basis does Plaintiff contend that the Meekins' use of the mark is infringing? What evidence is there in the record to indicate that any disputed use is continuing?

4. What evidence is there in the record, which is not conclusory argument of counsel, indicating that there is actual confusion in the marketplace?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: May 25, 2006

_Jeffrey S. White_
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE