IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNERGY TECH & DESIGN INC. d/b/a ROAD ARMOR,<br><br>Plaintiff,<br><br>v.<br><br>JIM TERRY, SANDY TERRY, JIM MEEKINS, DIXIE MEEKINS, JD DISTRIBUTING, and ROAD ARMOR USA,<br><br>Defendants._____/ | No. C 06-02073 JSW<br><br>**ORDER RE EMERGENCY MOTION RE PROTECTIVE ORDER** |

In light of the late filing of Plaintiff's emergency motion and the Court's current unavailability, without addressing the merits of the claims, the Court HEREBY ORDERS as follows:

- the parties shall maintain the status quo until resolution of this motion and not disclose any of the alleged trade secret information to defendant Jim Terry;
- Defendants shall file an opposition to the motion not to exceed 15 pages by no later than 12:00 p.m. on Tuesday, January 23, 2007;
- Plaintiff shall file a reply not to exceed 10 pages by no later than 4:00 p.m. on Thursday, January 25, 2007;
- the hearing on the pending motion shall be specially set for Monday, January 29, 2007 at 1:30 p.m. If the Court determines that the matter is suitable for resolution without oral argument, it will so advise the parties in advance of the hearing date. If the parties wish to modify this schedule, they may submit for the

Court's consideration a stipulation and proposed order demonstrating good cause for any modification requested.

In addition, the Court notes that the emergency motion is essentially a motion for leave to file a motion for reconsideration of the Court's order dated January 9, 2007 filed at the last possible moment. Under Civil Local Rule 7-9, a motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). Although the emergency motion presents a more extensive opportunity to brief the legal issues before the Court, it does not appear to be based upon facts not previously before this Court. (*Contra* Emergency Motion at 1:21-22.)

Although the Court is prepared to review its earlier decision based upon a showing of manifest failure to consider dispositive legal arguments or another applicable ground for reconsideration which the parties may now fully address, the Court admonishes the parties that failure to address the requirements of a motion for reconsideration may, if warranted, result in sanctions.

**IT IS SO ORDERED.**

Dated: January 19, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE