1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    SYNERGY TECH & DESIGN INC. d/b/a
     ROAD ARMOR,
10                                              No. C 06-02073 JSW

                 Plaintiff,
11

           v.
12                                              NOTICE OF QUESTIONS ON
     JIM TERRY, SANDY TERRY, JIM                MOTION FOR DISQUALIFICATION
13   MEEKINS, DIXIE MEEKINS, JD                 AND VACATING HEARING ON
     DISTRIBUTING, and ROAD ARMOR USA,          MOTIONS TO AMEND AND FOR
14                                              DISCOVERY SANCTIONS
                 Defendant.
15   _____/

16
17          Now before the Court is Defendants' motion to disqualify the Seed Law Group PLLC as

     well as Plaintiff's motions to amend the complaint and to enforce the Court's order re discovery
18
     dispute and for sanctions.
19
            The Court finds that Plaintiff's motions are appropriate for disposition without oral
20
     argument.  In the event that the Court finds the Seed Law Group is not disqualified, the Court
21
     will deem the motions submitted and issue a written order.  *See* Civ. L.R. 7-1(b).  In the event
22
     the Court finds the Seed Law Group is disqualified, it is not yet clear whether the Court may
23
     resolve the pending motions.  In either case, the hearing set for April 13, 2007 on Plaintiff's
24
     motions is HEREBY VACATED.
25
            TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE
26
     NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON
27
     APRIL 13, 2007 AT 9:00 A.M. ON DEFENDANTS' MOTION FOR DISQUALIFICATION:
28

**United States District Court**
For the Northern District of California

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall have 25 minutes to address the following questions:

1.      Can the Court decide Plaintiff's pending motions to amend the complaint and to enforce the Court's discovery order if the Court grants Defendants' motion to disqualify the Seed Law Group PLLC?

2.      Did Defendant Jim Terry effectively waive his objection to the possible conflict of Plaintiff proceeding with the Seed Law Group by filing his motion for disqualification at this time?  Is substitution of new counsel sufficient good cause for the delay?  What prejudice will Synergy suffer from the delay as opposed to the consequences of the disqualification itself?

3.      If the Court finds that the filing of the provisional patent created a reasonable expectation of the formation of an attorney-client relationship between the Seed Law Group and Mr. Terry, has that relationship been terminated?  If so, what evidence in the record supports the termination?

4.      If the Court finds that there was an attorney-client relationship, what evidence in the record establishes whether the information pertinent to the filing of the provisional patent was known or disclosed to Synergy representatives?
   a.      Mr. Terry states that he gave Mr. Costanza confidential information.  (Terry Decl., ¶ 4; Terry Suppl. Decl., ¶¶ 9-10.)  Is there any other corroborating evidence?
   b.      Plaintiff contends that the information transmitted by Mr. Terry to Mr. Costanza regarding the axle was information Synergy already had, but the record citations do not support the contention.  (Surreply at 5-6, citing Tufts Decl., ¶ 14 (expressing opinion that Terry's relationship with firm was in his representative capacity); Tufts Suppl. Decl., ¶ 4 (discussing technical nature of attorney-client relationship); Tufts Suppl. Decl., ¶ 7 (discussing evidence that information was disclosed in representative capacity and disclosed also to Synergy when the firm acted as Synergy's patent counsel, citing Terry Suppl. Decl.).)  Is there any corroborating evidence?
   c.      Is the proper standard whether Synergy had actual knowledge of the information transmitted to the Seed Law Group or whether the company had imputed knowledge?

*United States District Court*
For the Northern District of California

2

5.   Is there a substantial relationship between the provisional patent and the current trademark dispute?  Synergy contends that there is no relationship and relies on the opinions of its experts.  (Jarvis Decl., ¶ i(*i*) (espousing legal opinion that they do not appear to be substantially related without citation to evidence); Tuft Decl., ¶¶ 12, 13, 19 (not discussing substantial relationship test or stating that such a test does not apply to these facts because no attorney-client relationship present).)

6.   Should the Court apply California or Washington law to resolve the issue of disqualification?

7.   Under what circumstances would an evidentiary hearing on this motion be appropriate?

8.   Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated:  April 11, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3